**400 NEALEY vs. CIRCUIT JUDGE (Wayne), No. 11721½.**

To compel the dismissal of proceedings instituted to disbar relator.

Denied January 7, 1891.

The petition, filed by the prosecuting attorney, contained three specifications:

. 1. That relator had obtained $20 from a person charged in the Recorders' Court with keeping a house of ill-fame, falsely

representing that for such sum he could and would get the prosecuting attorney to have an order entered dismissing the case against her.

2. That afterwards, relator caused to be written and sent to the said person so charged, a letter purporting to have been signed by the prosecuting attorney, stating that said case had been dismissed. That the name of the prosecuting attorney was affixed to said letter by relator and was a forgery.

3. That the reputation of said relator for truth and veracity "is so notoriously bad that he is not to be believed under oath."

Relator moved to quash the proceedings, (1) because the Circuit Court had no jurisdiction, relator having been admitted to practice in the Supreme Court; (2) the case in the Recorders' Court was a matter within the jurisdiction of that court; (3) the service upon relator of the order to appear was by the sheriff, and not by the clerk of the court, under How. Stat., Sec. 7184; (4) the copy of the petition of the prosecuting attorney contained no date for relator's appearance (the order, however, gave the date); (5) private counsel was employed by the prosecuting attorney, without the order of the circuit judge or the direction or employment of the county auditors; (6) the second specification is bad, in that it does not refer to relator's general reputation in the neighborhood where he resides (see in re Mills, 1 M., 392); (7) the jurat to the petition omitted the words "being duly sworn" (the jurat set forth that on the date named "personally came before me, the above named" "J. V. D. W. and made oath," etc.).